[Civ. No. 3728. Second Appellate District, Division One.—December 22, 1921.]

## W. L. MORROW, Appellant, v. G. O. LEARNED, Respondent.

[1] SALE—RECOVERY OF BALANCE OF PRICE OF ENGINES—COUNTERCLAIM FOR BREACH OF WARRANTY—TRIAL ON THEORY OF ISSUES RAISED—APPEAL—SUFFICIENCY OF PLEADING.—Where in an action to recover on a note given in part payment of gasoline engines no demurrer was interposed to the counterclaim setting up in general terms a breach of warranty as to the mechanical condition of the engines, and the case was tried and evidence received without objection touching the issues as fully and to the same extent as though the particular defects constituting the breach had been specifically stated, the plaintiff cannot complain on appeal of the insufficiency of the pleading.

[2] ID.—BREACH OF WARRANTY—PLEADING—SUFFICIENCY OF COUNTER CLAIM.—A counterclaim for breach of warranty as to the mechanical condition of gasoline engines is not insufficient, under section 3313 of the Civil Code, in not alleging the actual value at the date of the sale, where it is alleged that had the warranty been complied with, the engines would have been of a value in excess of their actual value at the time of the warranty, and no attack was made on the pleading on the ground of uncertainty, but evidence was received on behalf of both parties as to the excess in the value of the property as warranted over its actual value at that time.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan Newby for Appellant.

Jesse F. Waterman and A. W. Hutton for Respondent.

SHAW, J.—In this action plaintiff sought recovery upon a promissory note given to him by defendant as part of the purchase price of certain gasoline engines.

The answer admitted the execution of the note, but as a defense and offset to recovery thereon pleaded four counterclaims, in the fourth of which he alleged that on May 24, 1918, defendant purchased from plaintiff seven two-cylinder

gasoline engines at the price of $200 each, two one-cylinder gasoline engines at the price of $75 each, one three-cylinder gasoline engine at the price of $250, one air-compressor and tanks at the price of $400, and one water-tank at the price of $15, making a total purchase price of $2,215, for which at the time he paid plaintiff the sum of $1,000 and for the balance of said purchase price of $1,215 made and delivered his promissory note of said date, bearing interest at the rate of six per cent per annum, which is made the subject of plaintiff's action; that at the time of said purchase and as a part of the transaction involving the execution of said note, plaintiff executed a written agreement whereby he warranted that all of said gasoline engines so purchased by defendant were in "first-class mechanical condition"; that at the time of such delivery none of said engines complied with said warranty in that at the time of said delivery, to wit, May 24, 1918, none of said engines were in first-class mechanical condition, and that "the excess of the value which each of said seven two-cylinder gasoline engines would have had if it had been as warranted as aforesaid over its actual value at that time was and is $350; that at that time the excess of the value which each of said two one-cylinder gasoline engines would have had if it had been as warranted as aforesaid over its actual value at that time was and is $175, and that at that time the excess of the value which said three-cylinder engine would have had if it had been as warranted as aforesaid over its actual value at that time was and is $700," making a total of $3,500.

The court found that at the time of said delivery all of said engines, except two of the seven two-cylinder engines which had been disposed of by defendant, were not in first-class mechanical condition, and that each and all of said engines, except the two two-cylinder engines referred to, were not at the time of their purchase nor at any other time in first-class mechanical condition, and that the excess of value which the said engines would have had if they had been in first-class mechanical condition as warranted over their actual value at the time of their purchase, and at all other times, was and is more than $1,600, a sum largely in excess of that called for by the note. Upon these findings it was adjudged that plaintiff take nothing and that defendant

have judgment for his costs, from which judgment the plaintiff has appealed.

[1]  While appellant attacks the sufficiency of each of the counterclaims and findings thereon, under our view of the case it is unnecessary to consider other than the one herein designated as the fourth, and as to which appellant insists: First, that while it is alleged the engines were not in the condition as warranted, to wit, in first-class mechanical condition, such statement is a conclusion of the pleader, who should have set forth the particulars wherein they were defective.  Conceding the pleading was uncertain in respect to the matters alleged, plaintiff should have demurred to it upon such ground.  No demurrer was interposed and, as the case was tried, evidence was received without objection touching the issues as fully and to the same extent as though the particular defects constituting the breach of warranty had been specifically stated.  Under the circumstances appellant is in no position to now complain of the insufficiency of the pleading.

[2]  Basing his contention upon section 3313 of the Civil Code, which provides, "the detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time," appellant insists the counterclaim fails to state a cause of action for the reason that it does not allege the actual value of the engines at the date of the sale.  The statute referred to provides that the detriment is the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time.  In our opinion, the allegation hereinbefore set out is sufficient in this respect.  It is therein stated that had the warranty been complied with, the engines were of the value of $3,500 in excess of their actual value at the time of the warranty, and in reliance upon which defendant made the purchase.  Moreover, no attack was made upon the pleading on the ground of uncertainty, but evidence was received on behalf of both parties as to the excess in the value of the property as warranted over its actual value at that time.  Since we hold the pleading was sufficient, it follows that the finding in

substantially the same language is likewise sufficient to support the judgment. Since as found the damage sustained by reason of the breach of warranty was largely in excess of the amount of the note to recovery of which it was pleaded as an offset, plaintiff could not be prejudiced by the failure to find the sum due thereon.

Neither is there any merit in appellant's contention that the evidence is insufficient to justify the findings. While the testimony is conflicting, that produced on behalf of defendant, and which the trial court within its province accepted as true, clearly tends to show that the engines (other than the two two-cylinder engines disposed of by defendant) were improperly constructed, mechanically imperfect, and of no value, though if they had complied with the warranty they would have been of the value of $3,500, upon which the court fixed defendant's damage at $1,600.

Conceding the counterclaim to have been defectively pleaded, nevertheless plaintiff accepted it both in substance and form as sufficient to tender the issue upon which the case was tried, and upon evidence offered, as to which no objection was interposed by appellant, a full inquiry was had as to the merits of the action. Moreover, it is apparent from an examination of the entire record that the errors complained of did not result in a miscarriage of justice, by reason of which fact, under section 4½, article VI, of the constitution, the judgment should not be reversed.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.